IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RONALD DEAN MCCOY, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3297 |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER ON |
| | ) | "FEDERAL DEFENDANTS' MOTION TO |
| DEPARTMENT OF VETERANS | ) | DISMISS, OR, IN THE ALTERNATIVE, |
| AFFAIRS NEBRASKA WESTERN IOWA | ) | FOR SUMMARY JUDGMENT, AND |
| HEALTH CARE SYSTEM, KAREN A. | ) | MOTION TO AMEND CAPTION TO |
| GERSCH, KENSEY NASH, and ST. JUDE | ) | SUBSTITUTE UNITED STATES OF |
| MEDICAL, | ) | AMERICA AS THE SOLE FEDERAL |
| | ) | DEFENDANT" |
| Defendants. | ) | |
| | ) | |

On December 1, 2005, the United States Attorney removed to this court a state court action filed by the plaintiff, Ronald Dean McCoy, against Defendants Department of Veterans Affairs Nebraska Western Iowa Health Care System (hereinafter DVA); Karen A. Gersch, M.D. (Gersch); Kensey Nash Corporation (Kensey Nash); and St. Jude Medical, Inc. (St. Jude). (See filing 1.) Now before me are the "Motion to Dismiss, or in the Alternative, for Summary Judgment, and Motion to Amend Caption to Substitute United States of America as the Sole Federal Defendant" filed by Defendants DVA and Gersch, (see filing 19), and the response brief filed not by the plaintiff, but by Defendants Kensey Nash and St. Jude, (see filing 25).[1] My analysis of these filings follows.

## I. BACKGROUND

The complaint alleges that on September 23, 2003, the plaintiff underwent "an interventional radiology procedure" at the DVA's Omaha facility. (See filing 1, Attach. 2, ¶ 11.) At the completion of the procedure, "an Angio-Seal device" designed, manufactured, and

---

[1]The plaintiff has not filed a response to DVA's and Gersch's motion or to Kensey Nash's and St. Jude's response brief.

1

marketed by Kensey Nash and St. Jude was to be placed through the plaintiff's "right common femoral artery 7-French Sheath." (See id. ¶¶ 8, 11.) However, the device malfunctioned and "the Sheath was pulled prematurely," which caused the plaintiff to suffer injuries. (See id. ¶¶ 11-12.) The plaintiff alleges that Defendants Kensey Nash and St. Jude are strictly liable for his injuries due to the defective design and manufacture of the "Angio-Seal device," and that his injuries were proximately caused by the negligence of Defendants DVA and Gersch. (See id. ¶¶ 13-21.)

## II. STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may challenge either the factual truthfulness or the facial sufficiency of the plaintiff's jurisdictional allegations. See, e.g., Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990)).

> A court deciding a motion under Rule12(b)(1) must distinguish between a "facial attack" and a "factual attack." In the first instance, the court restricts itself to the face of the pleadings . . . and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6). The general rule is that a complaint shall not be dismissed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" In a factual attack, the court considers matters outside the pleadings . . . and the non-moving party does not have the benefit of 12(b)(6) safeguards.

Osborn, 918 F.2d at 729 n.6 (citations omitted). Continuing, the court explained factual attacks in greater detail:

> [H]ere the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction--its very power to hear the case--there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

Id. at 730 (quoting Mortensen v. First Federal Savings and Loan Association, 549 F.2d 884, 891 (3d Cir. 1977)). A court's election to consider affidavits or other documents submitted in

support of a factual Rule 12(b)(1) motion does not convert the Rule 12(b)(1) motion into a motion for summary judgment. See Osborn, 918 F.2d at 729.

### III. ANALYSIS
#### A. Defendants DVA's and Gersch's Motion to Dismiss

Defendants DVA and Gersch argue first that an order must be entered dismissing them from this action and substituting the United States of America as defendant. (See filing 21 at 10-13.) I agree.

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, "is an exclusive remedy for torts committed by federal employees acting within the scope of their employment." Brown v. Armstrong, 949 F.2d 1007, 1013 (8th Cir. 1991). See also 28 U.S.C. § 2679(a)-(b); St. John v. United States, 240 F.3d 671, 676 (8th Cir. 2001) ("The FTCA is a limited waiver of sovereign immunity, allowing the federal government to be sued for the actions of 'any employee of the Government while acting within the scope of his office or employment' under circumstances where the United States would be liable if it were a private employer." (citations omitted)). The FTCA provides,

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). However, the Attorney General's certification "does not conclusively establish that the United States should be substituted as party-defendant." Anthony v. Runyon, 76 F.3d 210, 213 (8th Cir. 1996) (citing Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 434 (1995); Brown, 949 F.2d at 1011-12) (emphasis added). Instead, it "acts as prima facie evidence that the defendants were acting within the scope of their employment," id. (emphasis omitted), and "the burden is on the plaintiff to come forward with specific facts to rebut it," McAdams v. Reno, 64 F.3d 1137, 1145 (8th Cir. 1995) (citing Brown, 949 F.2d at 1012).

In this case, the plaintiff has filed a negligence action against the DVA and Gersch. The

United States Attorney for the District of Nebraska[2] has certified that Gersch was acting within the scope of her employment at the time of the incident that forms the basis of the plaintiff's complaint. (See filing 20, Ex. 1.) Although the plaintiff was entitled to object to this certification and submit exhibits to rebut it, he has not done so. I therefore find that Gersch must be dismissed from the action and the United States must be substituted as defendant. See 28 U.S.C. § 2679(d)(1).

The DVA, too, cannot be named as a defendant in this case. It is well-established that the FTCA does not permit actions such as the plaintiff's to proceed against federal agencies such as the DVA. See 29 U.S.C. § 2679(a)-(b); Duncan v. Dept. of Labor, 313 F.3d 445, 447 (8th Cir. 2002) (citing F.D.I.C. v. Meyer, 510 U.S. 471, 476-77 (1994)); Hagebush v. United States, 657 F. Supp. 675, 677-78 (D. Neb. 1986). Therefore, the DVA will be dismissed from this action, and the sole remaining "federal" defendant will be the United States.

Next, the United States argues that the plaintiff's negligence action must be dismissed because the plaintiff has failed to exhaust his administrative remedies. (See filing 21 at 13-15.) I find that the defendant is correct, and the plaintiff's negligence claim against the United States must be dismissed for lack of subject matter jurisdiction.

Before a district court may exercise jurisdiction over an FTCA suit, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for the purposes of this section." Id. "Because presentment is a jurisdictional prerequisite to suit under the FTCA, and jurisdiction is a threshold issue for the district court to decide, the district court may appropriately resolve legal and factual questions determinative of jurisdiction and may dismiss the case under Federal Rule of Civil Procedure 12(b)(1) if the FTCA requirements are not met." Daniels v. United States, 135 F. App'x 900, 901 (8th Cir. 2005) (per curiam) (citing Osborn v. United States, 918 F.2d 724, 728-29 (8th Cir. 1990)). In other words, I

---

[2] By regulation, the United States Attorney is authorized to make the certification referred to in § 2679. See 28 C.F.R. § 15.4.

consider the defendant's motion to be a "factual attack," and I may therefore consider the evidence submitted by the defendant without converting its motion into one made pursuant to Federal Rule of Civil Procedure 56.  <u>Osborn</u>, 918 F.2d at 729-30.

According to the evidence submitted by the United States, the VA Medical Center in Grand Island, Nebraska, received an administrative tort claim filed by Ronald Dean McCoy on September 21, 2005.  (<u>See</u> filing 20, Ex. 2, Wiese Dec. ¶ 6.)  The claim appears to concern the same incident that forms the basis of the plaintiff's complaint.  (<u>See</u> <u>id.</u>)  The United States submits that as of January 3, 2006, no final administrative action had been taken on McCoy's claim.  (<u>See</u> <u>id.</u> ¶ 7.)

It is difficult to determine the date when the plaintiff's complaint was filed, (<u>see</u> filing 1, Attach. 2 at 1); however, according to the undisputed evidence submitted by the government, the complaint was filed before the administrative claim was "finally denied" and before six months had passed since the filing of the claim.  Therefore, even though the six months deadline referred to in § 2675(a) may now have passed, (<u>see</u> filing 20, Ex. 2, Wiese Dec. ¶ 7), the plaintiff's suit against the United States must be dismissed because the complaint was filed prematurely.  <u>See</u> <u>McNeil v. United States</u>, 508 U.S. 106, 110-13 (1993).

### B.   Defendants Kensey Nash's and St. Jude's Response Brief

Defendants Kensey Nash and St. Jude, which refer to themselves collectively as "the product defendants," have filed a "response" to the DVA's and Gersch's motion to dismiss.  (<u>See</u> filing 25.)  In this response, the product defendants state that they do not oppose the motion filed by DVA and Gersch.  (<u>See</u> <u>id.</u> at 2.)  Instead, they state as follows.

> [I]n the interests of judicial economy and the efficient administration of justice, the Product Defendants respectfully submit that the procedural posture of this case mandates that the Court also dismiss without prejudice the Complaint against the Product Defendants or, in the alternative, stay any further progress of this action against the Product Defendants pending Plaintiff's exhaustion of his administrative remedies under the FTCA.

(<u>Id.</u>)  In support of their position, the product defendants argue that the plaintiff's claims against all of the defendants might be resolved by the "administrative process"; that the United States is an indispensable party to the litigation; and that the case against the product defendants should be stayed pending the outcome of the administrative process in order to avoid "duplicative

discovery." (See id. at 3-6.)

It seems to me that the product defendants' arguments ought to have been presented in a separate motion and supporting brief; their arguments are a not truly a "response" to the United States' motion to dismiss, but are simply meant to be contingent upon the dismissal of the case against the United States. See NECivR 7.1(a), (b)(1)(A). I also note that according to the evidence submitted by the United States, the administrative process should now be concluded. (See filing 20, Ex. 2, Wiese Dec. ¶ 7 ("By our calculations, the administrative time to review [the plaintiff's] claim expires on March 20, 2006.") .) This eliminates two of the three concerns raised by the product defendants in their response, and it also indicates that the present status of the plaintiff's claims is uncertain. In view of the foregoing, I find that the product defendants' remaining argument, which is essentially an argument that the complaint must be dismissed due to the plaintiff's inability to join the United States under Rule 19, see Fed. R. Civ. P. 12(b)(7), should be rejected at this time; however, the product defendants are free to re-assert this argument in a properly-supported motion.

**IT IS ORDERED** that:

1. The "Federal Defendants' Motion to Dismiss, or, in the Alternative, for Summary Judgment, and Motion to Amend Caption to Substitute United States of America as the Sole Federal Defendant," filing 19, is granted;

2. The United States of America is substituted as defendant in the place of Department of Veterans Affairs Nebraska Western Iowa Health Care System and Karen A. Gersch, M.D.;

3. The plaintiff's claims against the United States are dismissed for lack of subject matter jurisdiction; and

4. The arguments raised in the "Product Defendants' Response to Federal Defendants' Motion to Dismiss," filing 25, are rejected without prejudice to their re-submission in the form of a motion.

Dated March 27, 2006.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge