UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RONALD DEAN McCOY,       ) | 4:05CV3297 |
|       Plaintiff,       ) | |
| vs.       ) | MEMORANDUM AND ORDER ON |
|        ) | "PRODUCT DEFENDANTS' MOTION |
| DEPARTMENT OF VETERANS AFFAIRS) | TO DISMISS |
| NEBRASKA WESTERN IOWA HEALTH ) | |
| CARE SYSTEM, KAREN A. GERSCH,       ) | |
| M.D. KENSEY NASH CORPORATION,       ) | |
| ST. JUDE MEDICAL, INC.,       ) | |
|       Defendants.       ) | |

On December 1, 2005, the United States Attorney removed to this court a state court action filed by the plaintiff, Ronald Dean McCoy, against Defendants Department of Veterans Affairs Nebraska Western Iowa Health Care System (hereinafter DVA); Karen A. Gersch, M.D. (Gersch); Kensey Nash Corporation (Kensey Nash); and St. Jude Medical, Inc. (St. Jude).  (See filing 1.)  On January 9, 2006, Defendants DVA and Gersh filed a "Motion to Dismiss, or in the Alternative, for Summary Judgment, and Motion to Amend Caption to Substitute United States of America as the Sole Federal Defendant." (See filing 19).  Shortly thereafter, those defendants filed an "Unopposed Motion to Suspend Progression," (filing 23), which was granted by the magistrate judge, (see filing 24).  As a result, all deadlines set forth in the scheduling packet were suspended pending the resolution of the motion to dismiss.  (See filing 24.)

DVA's and Gersh's motion to dismiss was resolved in a memorandum and order filed on March 27, 2006, wherein I determined that the United States must be substituted as defendant in the place of DVA and Gersh, and that the claims against the United States must be dismissed for lack of subject matter jurisdiction.  (See filing 26.)  On the

1

following day, the magistrate judge ordered the parties to hold a Rule 26(f) conference and file their planning report by May 1, 2006.  (See filing 27.)

The planning report was not filed on May 1, 2006, as ordered.  Instead, on that date Defendants Kensey Nash and St. Jude filed a motion to dismiss the complaint.  (See filing 29.)  Two arguments are advanced in this motion.  First, Kensey Nash and St. Jude argue that the complaint should be dismissed because the United States is an indispensable party.  (See filing 33 at 4-6.)  "Rule 19(b) authorizes a district court to exercise its equitable powers to dismiss an action if a party regarded as 'indispensable' cannot be joined."  Spirit Lake Tribe v. North Dakota, 262 F.3d 732, 746 (8th Cir. 2001). However, the plaintiff has filed a motion to amend the complaint to add a claim against the United States.  (See filings 37, 40, 45.)  If the plaintiff's motion is granted, Kensey Nash's and St. Jude's argument will be rendered moot.  I shall therefore deny Kensey Nash's and St. Jude's motion to dismiss the complaint pursuant to Rule 19(b); however, the defendants may resubmit their motion if the plaintiff's motion to amend the complaint is denied.[1]

Second, Kensey Nash and St. Jude argue that the complaint should be dismissed due to the plaintiff's failure to communicate with defense counsel to prepare a timely Rule 26(f) planning report.  (See filing 33 at 6-9.)  It is quite true that the planning report was not filed on May 1, 2006, as ordered by the magistrate judge.  It is also true that a defendant may move for dismissal of an action if a plaintiff fails to comply with the court's orders.  See Fed. R. Civ. P. 41(b); see also, e.g., Omaha Indian Tribe v. Tract I-Blackbird Bend Area, 933 F.2d 1462, 1468-69 (8th Cir. 1991).  However, "the sanction imposed . . . must be proportionate to the litigant's transgression," and "[d]ismissal with

---

[1] Relatedly, Kensey Nash and St. Jude suggest that in the interest of efficiency, I should dismiss the plaintiff's claims against them and order the plaintiff to exhaust his administrative remedies against the United States.  (See filing 33 at 3-4.)  I am not persuaded that the interests of efficiency require the dismissal of the plaintiff's suit.  Moreover, there is no evidence that the plaintiff has not exhausted his remedies against the United States.

prejudice is an extreme sanction and should be used only in cases of wilful disobedience of a court order." Rodgers v. University of Missouri, 135 F.3d 1216, 1219 (8th Cir. 1998) (quoting Givens v. A.H. Robins Co., Inc., 751 F.2d 261, 263 (1984)). The planning report due on May 1, 2006, was not filed until May 4, 2006. (See filing 34.) Although the parties should either meet the court's deadlines or request leave for additional time to comply with those deadlines, dismissal is obviously not warranted here. See Givens, 751 F.2d at 263-64 (holding that the district court abused its discretion by dismissing the plaintiff's action for failure to comply with the discovery deadline).

  **IT IS ORDERED** that the motion to dismiss filed by Kensey Nash Corporation and St. Jude Medical, Inc., filing 29, is denied.

  Dated June 20, 2006.

           BY THE COURT

           s/ Warren K. Urbom
           United States Senior District Judge