IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RONALD DEAN McCOY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **4:05CV3297** |
| vs. ) | |
| ) | **ORDER** |
| **KENSEY NASH CORPORATION, and** ) | |
| **ST. JUDE MEDICAL, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the court on plaintiff's MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD A CLAIM AND TO ADD THE UNITED STATES OF AMERICA AS A DEFENDANT (Filing 37), as supplemented (Filing 45). Having considered the response filed by the United States (Filing 49) and plaintiff's reply brief (Filing 52), I find that the motion should be granted; however, the plaintiff may, at counsel's discretion, file his claims against the United States in a separate action.

### BACKGROUND

On September 23, 2003, the plaintiff underwent an "interventional radiology procedure" at the Omaha facility operated by the Department of Veterans Affairs Nebraska Western Iowa Health Care System ("DVA"). An "Angio-Seal device" marketed by Kensey Nash Corporation and St. Jude Medical, Inc. allegedly malfunctioned, causing the plaintiff to suffer injuries.

On September 21, 2005, plaintiff filed an administrative complaint with the VA Medical Center in Grand Island, Nebraska.

In September 2005, plaintiff filed a complaint in state court alleging claims for medical negligence against the DVA and the treating physician, Dr. Karen A. Gersch, and products liability claims against Kensey Nash and St. Jude. The complaint was filed before the administrative matter was concluded.

The federal defendants, DVA and Gersch, removed the action to federal court on December 1, 2005. On March 27, 2006, the district court granted the motion of DVA and Gersch to dismiss the claims against them and substitute the United States as the sole federal defendant. The court then

granted the United States' motion to dismiss plaintiff's claims against it for lack of jurisdiction, based on plaintiff's failure to exhaust his administrative remedies as required by the Federal Tort Claims Act (FTCA). *See* 28 U.S.C. § 2675(a). Thus, there are no claims currently pending against the United States in this action at this time.

The administrative time to review plaintiff's claim expired on March 20, 2006, *see* Filing 20-3 at ¶ 7, but the DVA did not make a final disposition of the administrative claim. Plaintiff now seeks leave to amend the complaint to add a negligence claim against the United States and to add the United States as a defendant.

The United States, no longer a party to this action, objects to the proposed amendment, contending that the decision in *McNeil v. United States*, 508 U.S. 106 (1993), requires the plaintiff to assert any claims against the United States in a separate lawsuit.

## DISCUSSION

In *McNeil v. United States*, the plaintiff filed suit before his administrative claims were resolved. The trial court and the Seventh Circuit concluded that the district court lacked jurisdiction to entertain an action commenced before satisfaction of the administrative exhaustion requirement under the FTCA, 28 U.S.C. § 2675(a). The Supreme Court considered the narrow question of "whether [McNeil's] action was timely either because it was commenced when he lodged his complaint with the District Court on March 6, 1989, or because it should be viewed as having been 'instituted' on the date when his administrative claim was denied." 508 U.S. at 110-11. The Court held: "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit." 508 U.S. at 113. In reaching its decision the Court "assume[d] that the Court of Appeals correctly held that nothing done by petitioner after the denial of his administrative claim on July 21, 1989, constituted the commencement of a new action." 508 U.S. at 110-11. The *McNeil* decision is silent as to whether suit may be "brought" by filing an amended complaint adding the United States as a defendant in an existing lawsuit after all administrative requirements are met.

In *Duplan v. Harper*, 188 F.3d 1195 (10th Cir. 1999), the Court of Appeals restated the general rule that

> a premature "complaint cannot be cured through amendment, but instead, plaintiff must file a new suit." *Sparrow* [*v. USPS*, 825 F. Supp. 252, 254-55 (E.D. Cal. 1993)]. Allowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system. *See McNeil*, 508 U.S. at 112, 113 S.Ct. 1980; *Sparrow*, 825 F. Supp. at 255. "Congress intended to require complete exhaustion ... before invocation of the judicial process." *McNeil*, 508 U.S. at 112, 113 S.Ct. 1980.

188 F.3d at 1199. In *Duplan*, the filing of an amended complaint was properly construed as instituting a new action against the government because the government had agreed "that the amended complaint effectively constituted a new action and agreed to administrative closure of the first action pending exhaustion... That is, the Duplans' filing of the amended complaint was treated by the parties and the court as the institution of a new suit against the government." *Id*. at 1199-1200 (citation to the record omitted).

I have carefully considered the cases cited in the Government's brief (#51). In *Sparrow v. United States Postal Serv.*, 825 F. Supp. 252 (E.D. Cal. 1993), the court determined that the filing of an amended complaint after an administrative claim is denied is not the equivalent of commencing or instituting an action upon completion of the FTCA's exhaustion requirement. In that case, the plaintiff filed suit before exhausting his administrative claims. Unlike this case, the prematurely filed federal tort claims were still pending when the plaintiff sought leave to amend the complaint in response to a motion to dismiss for lack of jurisdiction.

In *Ficken v. Rice*, No. Civ. A. 04-1132, 2006 WL 123931 at *8 (D.D.C. Jan. 17, 2006), the pro se plaintiffs attempted to bring tort claims against the State Department in conjunction with Ficken's application for employment with the State Department's Foreign Service. Apparently, these claims were dismissed because the alleged tortious acts occurred in a foreign country. 2006 WL 123931 at *8. The court observed, however, that even if the FTCA were applied to the plaintiffs' tort claims, the plaintiffs were barred from bringing a civil action in federal district court before they exhausted their administrative remedies under the FTCA. There was no indication that they ever

filed an administrative tort claim. In this context, the court stated: "The plaintiffs' failure to exhaust is fatal to their claim, and the defect cannot be cured by amendment of the complaint at a later date." *Id*.

In *Johnson v. Allen*, No. Civ. A. 04-0316, 2005 WL 607911 (D.D.C. March 14, 2005), the pro se plaintiff was an inmate who filed civil rights claims, together with a premature claim for medical negligence, against numerous federal defendants. His lawsuit was filed in February 2004, but his administrative claim was not filed until September 2004. In ruling on the defendants' motion to dismiss the tort claims, the court noted that the defect could not be cured by amending the complaint, 2005 WL 507911 at *2, and dismissed the FTCA claim without prejudice for lack of subject matter jurisdiction. *Id.*

In *Schneider v. Kissinger*, 310 F. Supp. 2d 251, 270 (D.D.C. 2004), the plaintiffs' claims presented a non-justiciable political question and were dismissed for that reason. As one among several alternative bases basis for dismissal, the court noted that an amended complaint added an unexhausted eighth claim for relief under the FTCA. Since the initial complaint met the definition of the FTCA for "a claim against the United States" under § 2675(a), it was necessary for the plaintiffs to complete the administrative process before filing the tort claim.

Finally, in *Gaerman v. Federal Bureau of Investigation*, No. CV 03-102, 2003 WL 23537963 (D. Or. Sept. 29, 2003), the plaintiffs asserted *Bivens* claims for deprivation of civil rights, false arrest, intentional infliction of emotional distress and negligence. The federal defendants moved to dismiss the claims for false arrest, intentional infliction of emotional distress, and negligence on grounds that the individual defendants were absolutely immune, and because plaintiffs' exclusive remedy for those claims was under the FTCA. The United States was substituted as the party defendant and the individual defendants dismissed. The administrative exhaustion period had since expired, and the plaintiffs sought to amend their complaint to add the United States as a defendant. Adopting the magistrate judge's recommendation, the district court held that the premature complaint could not be cured through amendment, "but instead, plaintiff must file a new suit." 2003 WL 23537963 at *2.[1]

---

[1] The underlying recommendation reflected that the plaintiffs had requested that, rather than dismissing the claims, the court should permit plaintiffs to amend their complaint, to make clear that plaintiffs' claims

In the case at bar, there are no claims currently pending against the United States; those claims were dismissed for lack of jurisdiction, and the only reason this case remains on the docket is because plaintiff's product liability claims against Kensey Nash and St. Jude are still pending. Had the plaintiff originally sued only the DVA and Dr. Gersch, the entire case would have been dismissed for lack of jurisdiction and, of course, the plaintiff would have to file an entirely new case once all administrative requirements were met.

The administrative requirements were satisfied in this matter at a time when there were no medical negligence claims by this plaintiff pending in this court. In *McNeil*, the Court observed:

> The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

506 U.S. at 112.

Had Judge Urbom not already dismissed the plaintiff's tort claims against the United States, it clearly would be impermissible to allow the plaintiff to file an amended complaint to cure the jurisdictional defect. In this case, however, the United States obtained a dismissal of the prematurely-filed tort claims and has not had to defend the action while the plaintiff's administrative claim was pending. Under these circumstances, allowing the plaintiff to file an amended complaint naming the United States as a defendant would not tend to "render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system." *See Duplan v. Harper*, 188 F.3d at 1199. Requiring the plaintiff to file an entirely new lawsuit in this instance would place a greater burden on judicial system, as the court would almost certainly have to contend with matters of consolidation involving the pending product liability claims. Either way, the United States would

---

are brought exclusively against the United States. Since the administrative claim prerequisite was jurisdictional, and the plaintiffs had not exhausted their administrative remedies, the court had no jurisdiction over plaintiffs' tort claims and the proposed amendment would have been futile. *See* 2003 WL 23537963 at *9.

have to assume defense of the action. The plaintiff states that he has no statute of limitation issues. Plaintiff's Reply Brief, Filing 52 at p.3.

For these reasons, I conclude that the plaintiff should be allowed to file an amended complaint pursuant to the FTCA naming the United States as a defendant. That said, there is no Eighth Circuit precedent governing this issue. The Court of Appeals may adopt the position that a separate lawsuit must be filed under these circumstances. For this reason, the plaintiff may, at counsel's discretion, file his claims against the United States in a separate action.[2]

### ORDER

**IT IS ORDERED** that plaintiff's MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD A CLAIM AND TO ADD THE UNITED STATES OF AMERICA AS A DEFENDANT [37] is granted. Plaintiff is given until and including **August 30, 2006** to file and serve the amended pleading. The plaintiff may, at counsel's discretion, file his claims against the United States in a separate action.

> Pursuant to NECivR 72.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law. The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal. *See* NECivR 72.2(d).

**DATED August 22, 2006.**

> **BY THE COURT:**
>
> **s/ F.A. Gossett**
> **United States Magistrate Judge**

---

[2] I believe that requiring the plaintiff to file a separate lawsuit in this instance would only result in additional cost and inconvenience to the plaintiff as opposed to furthering the interests of judicial economy or any policy underlying the FTCA. Considering the lack of Eighth Circuit precedent, if the plaintiff should deem it necessary or prudent to file a separate lawsuit, the court would consider the possibility of the plaintiff proceeding *in forma pauperis* in a separate lawsuit against the United States if the plaintiff meets the requirements of 28 U.S.C. § 1915(a) and NECivR 3.3.